UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS NERI AGUIRRE (A#222-573-992),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br>Respondent. | No. 1:26-cv-08295-DC-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of Honduras who entered the United States on an unknown date without being inspected by immigration officials. ECF No. 7-1 at 1. He was arrested by Immigration and Customs Enforcement ("ICE") agents on August 27, 2026 pursuant to an administrative warrant. ECF No. 7-1 at 5. On the same day, he was served with a Notice to Appear ("NTA") administratively charging him with being removable for violating Sections 212(a)(6)(A)(i) and (a)(7)(A)(i)(I) of the Immigration and Nationality Act. ECF No. 7-1 at 1-4.

On October 5, 2026, Petitioner filed the pending § 2241 challenging his detention on the basis that it violates the Fifth Amendment due process clause, amongst other claims for relief. By way of relief, Petitioner seeks immediate release.

In response to the petition, Respondent contends that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). In accordance with this statute, Respondent "does not object to a bond hearing, to which Aguirre is entitled under Section 1226(a), the implementing regulations, and Rodriguez Vasquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026)." ECF No. 7 at 3. However, according to Respondent, the § 2241 petition should be denied because Petitioner has not exhausted his administrative remedies by requesting a bond hearing before an IJ. ECF No. 7 at 3. According to Petitioner's Rap Sheet attached to the answer, Petitioner was previously arrested on September 2, 2024 by the New Jersey Transit Department and was charged with Lewdness Observed by a Child and Hindering or Giving False Information. No disposition is listed for either offense. ECF No. 7-1 at 9-10.

## II. Statutory Detention Authority

Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After such a custody redetermination hearing before an IJ, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

### III. Analysis

Before addressing the statutory detention authority governing this case, the undersigned first addresses Respondent's argument regarding Petitioner's failure to exhaust his administrative remedies. There is no evidence before the Court that Petitioner received notice that he was entitled to request a custody redetermination hearing (a bond hearing) before an immigration judge. For example, there is nothing in the record indicating that Respondent undertook a custody determination through Form I-286, and served that form on Petitioner, which would have allowed him to request a bond hearing. Absent such notice, the undersigned rejects Respondent's argument that the exhaustion of administrative remedies should be required. Petitioner cannot be expected to avail himself of an administrative remedy that he does not know about. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (holding that in order to comply with due process "notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance"). Exhaustion in this case should be waived. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

It is undisputed that Petitioner, as a noncitizen apprehended in the interior of the United States, is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) during his removal proceedings. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). This statutory provision provides "substantial procedural protections," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022), including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d). However, Petitioner was denied those statutory protections for a period of months in this case, which constitutes a separate procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right."). In tailoring the remedy for this due process violation, the Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Therefore, the

////

undersigned finds that Petitioner is entitled to habeas relief in the form of immediate release from immigration detention.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's habeas corpus application (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner SANTOS NERI AGUIRRE (A#222-573-992) from their custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the California City Detention Facility with any order for release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

////

////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE